## CIRCUIT COURT OF THE CITY OF RICHMOND

Denise Motley

    v.

G. W. Harris

May 21, 1982

Case No. LE-1455

By JUDGE WILLARD I. WALKER

This matter is before the court, as the tryer of fact, upon plaintiff's motion for judgment seeking damages for defendant's two separate and distinct express warranties and for defendant's violation of Virginia Code § 59.1-207.1 et seq. On the other hand, the defendant asserts as a counterclaim the failure of plaintiff to pay him $640.00 due and owing for work performed upon plaintiff's 1968 Mercedes, the vehicle which is the subject of this dispute.

There is no need to set forth all of the facts in detail. A brief statement of the operative facts, as found by me at trial, are as follows.

Plaintiff, responding to an advertisement, purchased a 1968 Mercedes from the defendant. At the time of purchase and as part of the basis of the bargain, defendant warranted or guaranteed that the car was in excellent condition and that he would stand behind it 100 percent. Defendant also informed the Plaintiff that she could have the car examined by anyone of her choice, and gave her the names and telephone numbers of the two immediate prior owners.

The defendant had done all of the work on this car for approximately seven or eight years for four previous owners and was in a position to know more about the condition of the car than anyone else. The plaintiff relied on these representations by the defendant in purchasing the car and in not negotiating the purchase price of $3,500. Plaintiff had complaints about the car from the outset, mainly relating to leakage of transmission fluid and excessive use of oil. Defendant made numerous repairs and adjustments at no charge.

Between the time of sale, February 20, 1981, and April 8, 1981, the car was driven approximately 3,000 miles with approximately 50% of the car's operation being by plaintiff's boyfriend. During this period of time, the car was operated in an improper manner, which necessitated a complete overhaul, or rebuilding of the engine. The usual cost of such an engine overhaul would be thirty-five hundred to forty-five hundred dollars, but defendant agreed to do the work at a price of $3,280.00 and split this cost with the plaintiff. Therefore, the plaintiff would pay the defendant $1,640.00. This work began in May, 1981, and was not completed until July 23, 1981. In June, 1981, plaintiff paid the defendant $500.00 toward this charge "under protest" and so noted her protest on her check. On July 23, 1981, plaintiff paid defendant another $500.00 and signed an invoice (Plaintiff's Exhibit 1) which showed a balance due of $640.00. There was no protest noted on the invoice or the plaintiff's second check. The invoice also contained these words, written and initialed by the defendant, "90 Days, 12,000 miles."

Subsequent to July 23, 1981, (on July 30, 1981, and August 10, 1981), plaintiff had work done to her car at Import Autohaus, Ltd., which cost her $1,499.92.

Plaintiff requested a written estimate from the defendant prior to the beginning of the engine overhaul in May, 1981. The defendant refused because of fluctuations in the cost of parts. The defendant did not

maintain a sign at his place of business in compliance with Virginia Code § 59.1-207.3.

On the record (only a portion of which is recited above), I find and rule as follows:

There was an express warranty by the defendant to the plaintiff at the time of the sale which formed a basis of the bargain. See Virginia Code § 8.2-313. If there is any credible evidence, the greater weight of the evidence does not establish a breach of that warranty by the defendant. The plaintiff has failed to prove that the engine overhaul or the work done by Import Autohaus, Ltd. was the result of defendant's breach of this express warranty. The greater weight of the evidence establishes that the car was misused by plaintiff's boyfriend after purchase, and that this misuse was the cause of the overhaul.

The statement on Plaintiff's Exhibit 1, "90 Days, 12,000 miles," is an express warranty on the engine overhaul only for 90 days or 12,000 miles, whichever comes first. The plaintiff never brought the car back to the defendant for necessary follow-up work at 500 miles. The evidence fails to persuade me that any of the work done by Import Autohaus, Ltd. was as a result of defendant's breach of warranty of his work in overhauling or rebuilding the engine.

The defendant is in violation of Virginia Code § 59.1-207.3 in two particulars: (1) failure to give a written estimate on request, and (2) failure to maintain a sign as required. However, plaintiff has failed to prove any actual damages or loss as a result of these violations. Consequently, plaintiff's damages are limited to $100 (Virginia Code § 59.1-204). The court declines to award attorney's fees.

The defendant is entitled to recover on his counterclaim the full amount due of $640.00.

Accordingly, an order will be entered awarding judgment to the plaintiff for $100 on her motion for judgment and to the defendant for $640.00 on his counterclaim, each party to pay his or her own costs, and no interest to accrue prior to date of judgment.